IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

NATHANIEL GREGA,                          )
                                          )
              Plaintiff                   )      1:22-CV-00145-RAL
                                          )
       vs.                                )      RICHARD A. LANZILLO
                                          )      Chief United States Magistrate Judge
DAVID VROMAN, P.B.P.P. ET AL,             )
STATE PAROLE OFFICER; MS.                 )      MEMORANDUM OPINION ON
ALBAUGH, CASE                             )      DEFENDANTS' MOTIONS TO DISMISS
MANAGER/COUNSELOR S.C.I.                  )      AND PLAINTIFF'S MOTION TO ADD
CAMBRIDGE SPRINGS; JESSICA                )      PARTY
BICKEL, PATIENT EXPERIENCE ST.            )
VINCENT HOSPITAL/ AHN; AND                )      ECF NOS. 22, 31, 33
OFFICER IN CHARGE, MILLCREEK              )
POLICE DEPARTMENT,                        )
                                          )
              Defendants                  )
                                          )

       Three motions are pending before the Court: Defendants Vroman and Albaugh's motion

to dismiss Plaintiff's Amended Complaint (ECF No. 22), Defendant Bickel's motion to dismiss

the Amended Complaint (ECF No. 33), and Plaintiff Nathaniel Grega's motion to join his wife

as a plaintiff to this action (ECF No. 31). For the reasons discussed below, the Court will grant

both motions to dismiss and deny Plaintiff's motion.

## I.    Relevant Procedural History

       Plaintiff Nathanial Grega commenced this *pro se* civil rights action against David

Vroman, a state parole officer, and Ms. Albaugh, a counselor at the State Correctional Institution

("SCI") at Cambridge Springs, by filing a Complaint and motion for leave to proceed in forma

pauperis ("IFP"). ECF No. 1. After the Court granted Grega's IFP motion and the Clerk of

Court docketed his Complaint (ECF Nos. 4, 5), Vroman and Albaugh moved to dismiss the

claims against them pursuant to Fed. R. Civ. P. 12(b)(6).  ECF No. 13.  This prompted Grega to

file an Amended Complaint as a matter of right pursuant Rule 15(a)(1)(B).  ECF Nos. 19.[1]  The

Amended Complaint again named Vroman and Albaugh as Defendants.  It also added Jessica

Bickel, "Patient Experience/St. Vincent Hospital/A.H.N.," and an unnamed "Officer in Charge"

at the Millcreek Police Department as Defendants.  Grega claims generally that the Defendants

violated his First, Fourth, Fifth, and Fourteenth Amendment rights.  He also appears to assert a

civil rights conspiracy claim, false arrest/false imprisonment claim, and state law assault and

fraud claims.  He asserts these claims against each Defendant in his/her individual capacity and

seeks punitive damages and "[o]ne house on 1803 Millfair Rd. Erie PA 16505."  ECF No. 19,

p. 5.

Vroman and Albaugh have again moved to dismiss the claims of the Amended Complaint

against them pursuant to Rule 12(b)(6).  ECF No. 22.  Grega filed a response in opposition to

their motion (ECF No. 28) and then moved to add his wife as a plaintiff in this action (ECF No.

31).  Thereafter, Bickel also moved to dismiss the claims against her pursuant to Rule 12(b)(6).

ECF No. 33.  Grega then filed what the Court has construed as his response in opposition to

Bickel's motion.[23]  ECF No. 41.

---

[1] After Vroman and Albaugh filed their motion to dismiss, the Court received from Grega a "memorandum in support" (ECF No. 24) and "Statement of Facts – Few/Many More" (ECF No. 25).  Grega's Statement of Facts is rambling and largely incomprehensible.  To the extent the Court can identify additional facts alleged by Grega, the Court will construe the Statement of Facts as a supplement to his Amended Complaint pursuant to Fed. R. Civ. P. 15(d).

[2] Grega titled this document "Plaintiff'(s) Definitive Statement Pusuant [sic] to F.R.C.P. 12 (e)."  ECF No. 33.

[3] Grega also raises several new factual allegations and claims in his response brief.  While the Court has liberally construed certain other of Grega's filings as supplements to his Amended Complaint, Grega may not use his opposition brief to amend his Amended Complaint.  *Bos. v. Prime Care Med., Inc.*, 2018 WL 3032853, at *5 n.6 (E.D. Pa. June 18, 2018) ("Boston may not assert new claims or rely on new facts in response to a motion to dismiss."); *Hammond v. City of Philadelphia*, 2001 WL 823637, at *2 (E.D. Pa. June 29, 2001) (listing cases); *Nesmith v. Beaver Cnty. Jail*, 2012 WL 3245495, at *1 (W.D. Pa. Aug. 8, 2012) (citing *Hang On, Inc. v. City of Arlington*, 65 F.3d 1248 (5th Cir.1995); *Gueson v. Feldman*, 2002 WL 32308678, at *4 (E.D.Pa. Aug.22, 2002) ("A plaintiff may not raise new claims in response to a motion to dismiss.")).

## II.     Factual Background

The Court's standard of review requires that it accept the factual allegations of Grega's Amended Complaint as true.  In doing so, the Court must attempt to unscramble the Amended Complaint and its supplements' litany of disconnected, frequently nonsensical, and sometimes fanciful allegations, many of which appear to complain about the treatment of Grega's wife, rather than actions against or involving Grega.

As to Defendant Vroman, the Amended Complaint alleges that he "conspired to violate Plaintiffs (sic) 1st, 4th, 5th, 14th Ammendment (sic) to the U.S. constitution (sic) to any communication to Plaintiffs (sic) wife, March of 2020 to November 2020."  ECF No. 19, § II(D). The Amended Complaint further alleges that Vroman violated his First Amendment and due process rights when he "acted under color of law using force of a GPS at 1823 Clifford Drive asked for him not to put a GPS on my wife, No violation or warning on ticket."  *Id.* Additionally, the Amended Complaint avers that on February 7, 2022, Vroman "conspire[ed] to commit fraud with [Bickel][4] and the Erie District Office, arresting wife and coerc[ing] to waive rights to a board hearing without husband present."  *Id.*  Vroman was Grega's wife's parole officer and Albaugh was a counselor at SCI-Cambridge Springs, where Grega's wife was incarcerated.[5]  *See* ECF No. 28, p. 2.

Regarding the other Defendants, the Amended Complaint alleges essentially nothing. Instead, it alleges that:

---

[4] In his amended complaint, Grega writes "Patient Experiance [sic], St.Vincent Hospital, A.H.N."  The Court presumes Grega is referring to Defendant Bickel because earlier in his Amended Complaint, Grega writes Bickel's job title as: "Patient Expirience [sic] /St.Vincent Hospital/A.H.N."

[5] The Court takes judicial notice that SCI-Cambridge Springs, where Albaugh worked as a counselor, is a state prison for women.  *See SCI Cambridge Springs*, Pennsylvania Departments of Corrections, https://www.cor.pa.gov/Facilities/StatePrisons/Pages/Cambridge-Springs.aspx (last visited May 5, 2023).

- An unspecified "Defendant conspired with Hospital violating health care, Coerced Plaintiffs (sic) Wife to waive her rights away 1-29-22, 2-7-22 used force and manipulation, to waive Parole Hearing, to his ticket with no violation." *Id.*, p.4.

- An unspecified "Defendant at S.C.I. violated Plaintiffs (sic) Due Process, Changing D.O.B. from 12-21-80 to 12-21-82." *Id.*

- "No preliminary hearing in 2016, when I was interstate compact, and "I would have been able to show my evidence that no search warrant, and I was falsely charged." *Id.*

- "2 Hacked email account since April of 2020. (sic) until recent." *Id.*, p. 5

The Amended Complaint lists various locations where certain events apparently occurred. These include Grega's mother's house, St. Vincent Hospital, SCI-Cambridge Springs, and Mead's Motel. The Amended Complaint also lists dates and times when certain events apparently occurred: March 2020 to November 19, 2020 at 11:00 A.M.; January 26, 2022 at 1:00 P.M. to February 7, 2022 at 11:00 A.M.; February 7, 2022 to May 7, 2022[6]; and May 7, 2022 to present. ECF No. 19, p. 4. But the Amended Complaint includes no meaningful allegations to link these locations and dates and times to each other or to describe any conduct of a Defendant or Defendants relative to the locations and dates. The Amended Complaint includes only conclusions of law to describe the conduct of Vroman and even less regarding the conduct of the other Defendants. Thus, the Amended Complaint discloses no material facts upon which the Court can identify a claim under the First, Fourth, Fifth, or Fourteenth Amendments to the Constitution or any other federal or state law.

---

[6] The Amended Complaint does reference "released from prison" immediately after May 7, 2022. ECF No. 19, p. 4.

Grega's brief in opposition to Defendants' motions to dismiss does nothing to clarify the ramblings of his Amended Complaint. Therein, Grega states:

> Dereliction of Duty, During Entire Court Proceeding as to obstruction of Justice, when I am at my home, place where I stay, get removed on 10-20-22, and receive 3 criminal charges that was falsified by O.I. C. on 1-26-22, & 10-20-22 by the Millcreek Police Department. <u>FRAUD</u> to benefit personally, as a showcase of 20 years of charges which video surveillance entire City of Erie on 10-20-22 clearly shows from 9:30 am to 12 pm I was by myself and from 1pm to 10-19-22 to 9:30 am 10-20-22, wife was able to go any where (sic) any time. She spent the entire evening & morning until 12 am with husband.

ECF No. 24, p. 1.

Grega has also filed a "Definitive Statement/CONCISE STATEMENT OF MATERIAL FACTS." ECF No. 41. Even if the Court were to consider this document as a supplement to his Amended Complaint or as a proposed second amended complaint, it would do nothing to support a viable claim on Grega's behalf. The Court will not recount the specifics of this filing. It is sufficient to note that it is comprised of factually unsupported and disconnected allegations akin to those raised in Grega's Amended Complaint.

## III.    Standard of Review

### A. Rule 12(b)(6) Motion to Dismiss

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a Rule 12(b)(6) motion to dismiss, the court must accept as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff. *See U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002). The "court[] generally consider[s] only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim" when considering the motion to

dismiss. *Lum v. Bank of Am.*, 361 F.3d 217, 222 n.3 (3d Cir. 2004) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir.1997)).

In making its determination under Rule 12(b)(6), the court is not opining on whether the plaintiff is likely to prevail on the merits; rather, the plaintiff must only present factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)). *See also Iqbal*, 556 U.S. 662. Furthermore, a complaint should only be dismissed pursuant to Rule 12(b)(6) if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570 (rejecting the traditional Rule 12(b)(6) standard established in *Conley v. Gibson*, 355 U.S. 41, 78 (1957)).

While a complaint does not need detailed factual allegations to survive a motion to dismiss, a complaint must provide more than labels and conclusions. *See Twombly*, 550 U.S. at 555. A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Moreover, a court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as explained in the complaint. *See California Pub. Emp. Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004) (citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the court accept legal conclusions disguised as factual allegations. *See Twombly*, 550 U.S. at 555; *McTernan v. City of York, Pennsylvania*, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). Expounding on the *Twombly/Iqbal* line of cases, the Third Circuit has articulated the following three-step approach:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' *Second*, the court should identify

> allegations that, 'because they are no more than conclusions, are
> not entitled to the assumption of truth.' Finally, 'where there are
> well-pleaded factual allegations, a court should assume their
> veracity and then determine whether they plausibly give rise to an
> entitlement for relief.'

*Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) (quoting *Santiago v.*

*Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)).  This determination is "a context-specific

task that requires the reviewing court to draw on its judicial experience and common sense."

*Iqbal*, 556 U.S. at 679.

Finally, because Plaintiff is proceeding *pro se*, the allegations in the complaint must be

held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*,

404 U.S. 519, 520-521 (1972).  If the court can reasonably read a *pro se* litigant's pleadings to

state a valid claim upon which relief could be granted, it should do so despite the litigant's

failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence

construction, or unfamiliarity with pleading requirements.  *See Boag v. MacDougall*, 454 U.S.

364 (1982); *United States ex rel. Montgomery v. Bierley*, 141 F.2d 552, 555 (3d Cir. 1969)

(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of

tolerance").

## IV.   Analysis

### A. The Amended Complaint fails to comply with Rule 8(a)(2) and fails to allege facts to support that any Defendant engaged in actionable conduct.

Defendants argue that Grega's Amended Complaint fails to conform to the Federal Rule

of Civil Procedure 8(a)(2)'s requirement that "a complaint contain 'a short and plain statement of

the claim showing that the pleader is entitled to relief,' in order to give the defendants fair notice

of what the ... claim is and the grounds on which it rests." *Twombly*, 550 U.S. at 555 (2007).

While Grega's pleading is relatively short, it is far from plain or sufficient to give the Defendants

7

fair notice of his claims or the grounds upon which they rest.  In its present form, it utterly fails

to state a claim under any theory of liability.  In addition to the near incoherence of its

allegations, the Amended Complaint fails to allege facts to support the personal involvement of

any Defendant in actionable conduct.  Constitutional tort liability arises only upon a showing of

"personal involvement" in the alleged wrongful conduct.  *Rode v. Dellarciprete*, 845 F.2d 1195,

1207 (3d Cir. 1988); *Colon v. Anglikowski*, 2021 WL 2875477, at *7-8 (W.D. Pa. July 8, 2021)

(citation omitted).  When proceeding under § 1983, as Grega is here, a plaintiff cannot prevail

unless he can demonstrate that the defendant played an "affirmative part" in the complained-of

misconduct.  *Iqbal*, 556 U.S. at 677 ("Absent vicarious liability, each Government official, his or

her title notwithstanding, is only liable for his or her own misconduct."); *Oliver v. Beard*, 358

Fed. Appx. 297, 300 (3d Cir. 2009).  In the absence of specific allegations that a defendant

played a role in depriving the plaintiff of a constitutional right, dismissal is appropriate. *See, e.g.*,

*Mearin v. Swartz*, 951 F. Supp. 2d 776, 781-82 (W.D. Pa. 2013) (dismissing Eighth Amendment

claims).  Although peppered with legal labels and conclusions, the Amended Complaint includes

insufficient allegations of fact to support a claim against any Defendant.

**B.  Grega lacks standing to assert claims on behalf of his wife.**

Many of Grega's constitutional claims appear to be based on his wife's interactions with

government or social service officials.  Grega lacks standing, however, to assert claims on behalf

of his wife or based on his wife's alleged constitutional injuries.  "Standing is a threshold

jurisdictional requirement, derived from the 'case or controversy' language of Article III of the

Constitution." *Pub. Interest Research Grp. Of N.J., Inc. v. Magnesium Elektron, Inc.*, 123 F.3d

111, 117 (3d Cir.1997).  For a plaintiff to establish Article III standing, he must first establish

that he has an injury-in-fact, which requires showing that he: (1) "suffered an invasion of a

legally protected interest"; (2) "that the injury is both concrete and particularized"; and (3) "that his injury is actual or imminent, not conjectural or hypothetical." *Mielo v. Steak 'n Shake Ops. Inc.*, 897 F.3d 467, 478 (3d Cir. 2018) (internal quotation marks and citation omitted). "[L]itigants 'cannot rest a claim to relief on the legal rights or interests of third parties.'" *Itiowe v. Trentonian*, 620 Fed. Appx. 65, 68 (3d Cir. 2015) (quoting *Powers v. Ohio*, 499 U.S. 400 (1991)). This means that Grega cannot assert his wife's alleged constitutional injuries as his own. Nor may Grega, a *pro se* plaintiff, "represent another party pro se." *Id.* (citing *Osei–Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 883 (3d Cir.1991)). And the Court knows of no authority for the proposition that a husband has the legal right to be present when his wife interacts with government officials. Thus, Grega must allege facts to support that the conduct of a Defendant violated his rights.

### C.    The constitutional claims against Bickel also fail because she is a private actor.

Bickel correctly argues that Grega's civil rights claims against her must be dismissed because Grega has failed to allege facts to support that she acted under color of state law. To prevail on a claim pursuant to 42 U.S.C. § 1983, a plaintiff must establish that each defendant, acting under color of state law, deprived him of a right secured by the Constitution or laws of the United States. *See Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995). In other words, a plaintiff cannot state a viable § 1983 claim unless he alleges the deprivation "of a federal constitutional or statutory right by a <u>state actor</u>." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (emphasis added). Private actors, on the other hand, "do not act under color of state law" and thus "are not liable under Section 1983."[7] *Gerhart v. Energy Transfer Partners, L.P.*,

---

[7] A non-state actor can be liable under § 1983 if he conspires with a state actor. *See Abbott v. Latshaw*, 164 F.3d 141, 147-48 (3d Cir. 1998) ("Although not an agent of the state, a private party who willfully participates in a joint conspiracy with state officials to deprive a person of a constitutional right acts under color of state law for purposes

2018 WL 6589586, at *9 (M.D. Pa. Dec. 14, 2018) (quoting *Luck v. Mount Airy #1, LLC*, 901 F.Supp.2d 547, 560 (M.D. Pa. 2012)).

Grega claims that Bickel somehow violated or conspired with Vroman to violate his constitutional rights. The Amended Complaint does not identify the conduct of Bickel upon which Grega bases this claim, but his allegations do acknowledge that Bickel is employed in a private hospital. Nothing in the Amended Complaint indicates that she is a government official or performs any governmental function. As such, she is not a state actor and, therefore, not amenable to suit under § 1983. *See, e.g.*, *Massey v. Crady*, 2018 WL 4328002, at *6 (W.D. Pa. Aug. 8, 2018) ("Private citizens, such as [defendants] are not state actors, and therefore . . . any § 1983 claims against [them] should be dismissed."); *Little v. Hammond*, 2016 WL 7324593, at *4 (W.D. Pa. Dec. 16, 2016) (same). Therefore, Grega's civil rights claims against Bickel must be dismissed with prejudice.[8]

### D. Any First Amendment Free Speech, Fourteenth Amendment Discrimination, and Conspiracy Claims Fail.

Although the Amended Complaint invokes various legal terms, including freedom of speech, discrimination, and conspiracy, it alleges no facts to support a claim under any such theory of liability. It appears that Grega claims that Vroman violated his First Amendment rights by placing a GPS tracker on his wife, but neither this allegation nor any other implicated his right to freedom of speech or any other First Amendment right. Grega similarly fails to allege facts to

---

of § 1983." (internal quotation marks omitted)). But as discussed below, Grega has failed to state a viable conspiracy claim. *See* Part C.2., *infra*.

[8] Although unclear, Grega may also be attempting to assert that Bickel violated his rights under HIPPA, but as Defendants correctly assert, "HIPPA does not provide for a private cause of action." ECF No. 33 (citing *Beckett v. Grant*, 2022 WL 485221, at *3 (3d Cir. Feb. 17, 2022) (*per curiam*); *Henderson v. Burough of Baldwin*, 2016 WL 5106945, at *6 (W.D. Pa. Sept. 20, 2016) (listing cases); *Buchanan v. Gay*, 491 F. Supp. 2d 483, 497 (D. Del. 2007) ("HIPPA fails to provide for a private federal remedy")).

support that he was treated dissimilarly to any other similarly situated person or persons as required to state a Fourteenth Amendment equal protection claim. *Mack v. Warden Loretto FCI*, 839 F.3d 286 (3d Cir. 2016) (citing *Hassan v. City of New York*, 804 F.3d 277, 294 (3d Cir. 2015)) (To establish a violation of the Equal Protection Clause, a plaintiff must ordinarily allege "that he was treated differently than other similarly situated inmates, and that this different treatment was the result of intentional discrimination based on his membership in a protected class.").

Grega's conspiracy claims suffer from similar deficiencies. To properly plead a civil rights conspiracy claim, the plaintiff must allege facts to support: "1) the specific conduct that violated the plaintiff's rights, 2) the time and the place of the conduct, and 3) the identity of the officials responsible for the conduct." *Sanchez v. Coleman*, 2014 WL 7392400, at *9 (W.D. Pa. Dec. 11, 2014) (citing *Oatess v. Sobolevitch*, 914 F.2d 428, 431 n. 8 (3d Cir.1990)). Critical to this claim is the complaint's "factual allegations of combination, agreement, or understanding among all or between any of the defendants [or coconspirators] to plot, plan, or conspire to carry out the alleged chain of events." *Id.* (quoting *Spencer v. Steinman*, 968 F.Supp. 1011, 1020 (E.D. Pa.1997)). *See also Loftus v. Southeastern Pa. Transp. Auth.*, 843 F.Supp. 981, 987 (E.D. Pa.1994) ("[w]hile the pleading standard under [Fed. R. Civ. Proc .] Rule 8 is a liberal one, mere incantation of the words 'conspiracy' or 'acted in concert' does not talismanically satisfy the Rule's requirements").

The Amended Complaint states that "Vroman conspired to violate [his] 1st, 4th, 5th, & 14th Amendment of the U.S. constitution ~~ights~~ to any communication to Plaintiff's wife, March of 2020 to November of 2020." ECF No. 19, p. 4. Grega may be attempting to allege that Vroman somehow prohibited him or conspired with others to prohibit him from communicating with his

wife from March to November of 2020.  But even under this extremely generous reading of the

Amended Complaint, it fails to state a claim for conspiracy or any other cause of action.  It does

not state what Vroman allegedly did to prevent Grega from communicating with his wife or

identify any person with whom Vroman allegedly conspired or state the time, place, and conduct

of the supposed conspiracy.  *See e.g.*, *Sanchez*, 2014 WL 7392400, at *9 (W.D. Pa. Dec. 11,

2014) (citing *Oatess*, 914 F.2d at 431 n. 8 (3d Cir.1990)).

Grega further avers that "Defendant conspired with Hospital violating health care,

Coerced Plaintiffs Wife to waiver her rights aware 1-29-22, 2-7-22 used force and manipulation,

to waive Parole Board hearing, to his ticket with no violation."  ECF No. 19.  This allegation

lacks coherence and fails to allege facts identifying the conduct of the "Defendant" upon which it

is based.  It does not identify the alleged participants in the conspiracy or how they acted or

failed to act to violate Grega's constitutional rights.

**E.  Any Due Process and False Imprisonment/False Arrest Claims also fail.**

The Amended Complaint also claims that Vroman's alleged placement of a GPS tracker

on Grega's wife and an unspecified Defendant "at S.C.I." "Changing D.O.B. from 12-21-80 to

12-21-82" violated his Fourth Amendment right to be free from unreasonable searches and

seizures and his due process rights under the Fifth and Fourteenth Amendments.  ECF No. 19.

The Amended Complaint also alleges that Grega did not have a "preliminary hearing in 2016,"

and therefore he was not "able to show [his] evidence that" there was "no search warrant, and

[he] was falsely charged."  *Id.*

A viable Fourteenth Amendment due process claim requires a Plaintiff to demonstrate

that "(1) he was deprived of an individual interest that is encompassed within the Fourteenth

Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did

not provide 'due process of law.'" *Disco v. Thompson*, 2020 WL 3980655, at *4 (W.D. Pa. Apr.

9, 2020), *report and recommendation adopted*, 2020 WL 2059745 (W.D. Pa. Apr. 29, 2020)

(quoting *Halsey v. Pfeiffer*, 750 F.3d 273, 291 (3d Cir. 2014) (quoting *Mulholland v.*

*Government Cty. Of Berks, Pa.*, 706 F.3d 227, 238 (3d Cir. 2013). "Protected liberty or property

interests generally arise either from the Due Process Clause or from state-created statutory

entitlement." *Shoats*, 213 F.3d at 143.

Defendants correctly argue that the Amended Complaint has not sufficiently identified

any property right or liberty interest that Grega holds or how any Defendant violated that right or

interest. ECF No. 23, p. 6. Grega's property rights do not extend to his mother's property or his

wife's location. The Amended Complaint also does not allege facts to support that any

Defendant unlawfully confiscated his property. [9] Grega also fails to demonstrate that he was

deprived of a protected liberty interest. While "[p]retrial detention implicates a liberty interest

and thus may not be imposed contrary to the mandates of procedural due process," the due

process afforded "is flexible and calls for such procedural protection as the particular situation

demands." *Postie v. Adams*, 2022 WL 1126052, at *8 (W.D. Pa. Jan. 13, 2022), *report and*

*recommendation adopted*, 2022 WL 969598 (W.D. Pa. Mar. 31, 2022) (quoting *United States v.*

*Delker*, 757 F.2d 1390, 1397 (3d Cir. 1985). Here, Grega's averments do not provide any

context for determining whether the alleged denial of a preliminary hearing constituted the

---

[9] To state a viable Fourteenth Amendment procedural due process claim, Grega must demonstrate that Defendants confiscated his property and that he was not afforded a post-deprivation administrative remedy. *Monroe v. Beard*, 536 F.3d 198, 210 (3d Cir. 2008) (citing *Hudson v. Palmer*, 468 U.S. 517, 533 (1984 demonstrate that Defendants confiscated his property and that he was not afforded a post-deprivation administrative remedy). Even if he had alleged that a Defendant wrongfully confiscated his property, his procedural due process claim would fail because he has an adequate post-deprivation remedy under Pennsylvania tort law. *See Spencer v. Bush*, 543 Fed. Appx. 209, 213 (3d Cir. 2013) ("'[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available.'" (quoting *Hudson v. Palmer*, 468 U.S. 517, 533 (1984))); *Shakur v. Coelho*, 421 Fed. Appx. 132, 135 (3d Cir. 2011) (per curiam) (explaining that the Pennsylvania Tort Claims Act provides an adequate remedy for a willful deprivation of property).

deprivation of a protected liberty interest and, if so, whether the subsequent events contravened the procedural protection the situation afforded Grega. *See e.g.*, *Postie v. Adams*, 2022 WL 1126052, at \*7–9 (W.D. Pa. Jan. 13, 2022), *report and recommendation adopted*, 2022 WL 969598 (W.D. Pa. Mar. 31, 2022) (determining that "Plaintiff has no liberty interest in being given a preliminary hearing within a set period of time from his arrest" and that holding plaintiff for over a month before having a preliminary hearing constituted a due process violation because "he offer[ed] no authority to establish that failing to follow criminal procedures for a fugitive arrest on a valid warrant is a constitutional violation."). Accordingly, Grega's due process claim pursuant to the Fourteenth Amendment must be dismissed.

Grega's due process claim pursuant to the Fifth Amendment also fails because "the Due Process Clause of the Fifth Amendment only applies to federal officials." *Bergdoll v. City of York*, 515 Fed. Appx. 165, 170 (3d Cir. 2013) (citing *Nguyen v. U.S. Catholic Conference*, 719 F.2d 52, 54 (3d Cir.1983)). The Fifth Amendment therefore provides no viable cause of action against the Defendants and so must be dismissed *with* prejudice.

It also appears that Grega may be seeking damages for his allegedly unlawful arrest, conviction, or incarceration. A § 1983 claim "for false arrest/false imprisonment is grounded in the Fourth Amendment guarantee against unreasonable seizures." *Postie*, 2022 WL 1126052, at \*6. "To bring a claim for false arrest, a plaintiff must establish '(1) that there was an arrest; and (2) that the arrest was made without probable cause.'" *Harvard v. Cesnalis*, 973 F.3d 190, 199 (3d Cir. 2020) (quoting *James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012)). Similarly, to state a claim for false imprisonment, a plaintiff must establish: (1) that he was detained; and (2) that the detention was unlawful. *See James*, 700 F.3d at 682 (citing *Wallace v. Kato*, 549 U.S. 384, 389 (2007)). "[W]here the police lack probable cause to make an arrest, the

arrestee has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest." *Groman v. Township of Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995). Conversely, "[f]alse arrest and false imprisonment claims will 'necessarily fail if probable cause existed for any one of the crimes charged against the arrestee.'" *Harvard*, 973 F.3d at 199 (quoting *Dempsey v. Bucknell Univ.*, 834 F.3d 457, 477 (3d Cir. 2016)).

Grega's potential false arrest/false imprisonment claim fails for multiple reasons. First, he has not alleged that any Defendant initiated, caused, or was otherwise involved in his arrest or imprisonment. Second, he has not alleged that "the prior criminal proceeding terminated in [his] favor." *Deemer v. Beard*, 557 Fed. Appx. 162, 164-65 (3d Cir. 2014) (citing *Heck v. Humphrey*, 512 U.S. 477 (1994)). Probable cause is conclusively established in a § 1983 false arrest action where the record demonstrates that the plaintiff was convicted of the offense upon which the arrest was based, such as "by guilty plea or conviction," so long as the conviction has not been overturned. *Berete v. Cortazzo*, 2012 WL 6628040, at *3 (E.D. Pa. Dec. 18, 2012); *see Shelley v. Wilson*, 339 Fed. App. 136, 139 (3d Cir. 2009) ("The jury's finding that Shelley committed each element of these offenses beyond a reasonable doubt defeats his assertion that there was no probable cause to arrest him."). Indeed, the United States Supreme Court's holding in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) bars Grega from obtaining damages under § 1983 unless his arrest or conviction has been invalidated or overturned.[10] Grega's thread-bare allegations shed no light on the circumstances of his arrest, including whether any Defendant

---

[10] In *Heck*, the Supreme Court held that: "to recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck*, 512 U.S. at 486-87 (footnote and internal citation omitted). In other words, "a prisoner cannot use § 1983 to obtain damages where success would necessarily imply the unlawfulness of a (not previously invalidated) conviction or sentence." *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005).

was involved, or the outcome of any related criminal prosecution.  Accordingly, they fail to support a § 1983 false arrest or false imprisonment claim.[11]

Third, the allegations of the Amended Complaint show that any civil rights claim based upon his 2016 arrest or the alleged failure to hold a preliminary hearing would likely be barred by the two-year statute of limitations applicable to his civil rights claim.  Claims brought pursuant to § 1983 are subject to the most analogous state statute of limitations, which, in Pennsylvania, is the two-year statute of limitations for personal injury actions.  *See Wilson v. Garcia*, 471 U.S. 261, 266-67 (1985); *Urrutia v. Harrisburg County Police Dept.*, 91 F.3d 451, 457 n.9 (3d Cir. 1996) (citing 42 Pa. C.S. § 5524).  *See also Wallace v. Kato*, 549 U.S. 384 (2007) (for § 1983 claims, "the length of the statute of limitations ... is that which the State provides for personal-injury torts.") (citing *Owens v. Okure*, 488 U.S. 235, 249-50 (1989) (in each state, § 1983 claims are governed by the state's "general or residual statute for personal injury actions")).  A cause of action accrues for statute of limitations purposes when the plaintiff knows or has reason to know of the injury that constitutes the basis of the cause of action. *Sameric Corp. of Delaware. Inc. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998); *see also Nelson v. County of Allegheny*, 60 F.3d 1010 (3d Cir. 1995).  Because Grega knew or had reason to know of his alleged illegal arrest and denial of his right to a preliminary hearing in 2016, any civil rights claim based on either would be barred by the two-year statute of limitations.[12]

---

[11] Grega also asserts that in January 2022, his wife was arrested without a warrant "without Husband Present," and that she was "coerced to waive rights to a board hearing without husband present."  The Court has not identified any authority to support the Fourth Amendment right of a husband to be present during his wife's arrest and interactions with officers.

[12] Because Grega has failed to assert a viable federal claim against Defendants, the Court declines to exercise supplemental jurisdiction over his apparent state law assault and fraud claims. *See De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 309 (3d Cir. 2003), as amended (Nov. 14, 2003) ("District courts may decline to exercise supplemental jurisdiction where . . . the district court has dismissed all claims over which it has original

V.      **Leave to Amend**

The Third Circuit has instructed that if a civil rights complaint is vulnerable to dismissal for failure to state a claim, the Court should permit a curative amendment unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). The Court may deny leave to amend where there is "undue delay, bad faith[,] or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). And though "the grant or denial of an opportunity to amend is within the discretion of the District Court," it may not "outright refus[e] to grant the leave without any justifying reason appearing for the denial." *Id.* These instructions are equally applicable to *pro se* litigants and those represented by counsel. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). In this case, it would be futile to allow Grega to amend his Fifth Amendment due process claim against any Defendant; and his First, Fourth, and Fourteenth Amendment claims and HIPAA claim against Bickel. However, the Court cannot say with certainty that Grega cannot cure the deficiencies of his other claims by amendment.

Accordingly, Grega's Fifth Amendment due process claim is dismissed *with prejudice* against all Defendants; all claims against Bickel, including Grega's First, Fourth, and Fourteenth

---

jurisdiction"). And regardless, no allegation in the amended complaint relates to any element of a state law assault claim or fraud claim. *See Angle v. Smith*, 2023 WL 2873255, at *9 (W.D. Pa. Feb. 7, 2023), *report and recommendation adopted*, 2023 WL 2299304 (W.D. Pa. Mar. 1, 2023) (quoting *Zimmerman v. Schaeffer*, 654 F. Supp. 2d 226, 255 (M.D. Pa. Aug. 17, 2009) ("Under Pennsylvania law, an assault occurs when one acts with the intent to place another in reasonable and immediate apprehension of harmful or offensive contact, and that act does cause such apprehension. A battery is an intentional offensive bodily contact."). *See also SodexoMAGIC, LLC v. Drexel Univ.*, 24 F.4th 183, 205 (3d Cir. 2022) (listing the six elements of a Pennsylvania common law fraud claim) As developed in Pennsylvania common law, a fraud claim consists of six elements) (citations omitted).

Amendment claims and his HIPAA claim, are dismissed *with prejudice,* and the Clerk of Court is directed to terminate her as a Defendant in this action; and all remaining claims asserted against Vroman and Albaugh are dismissed without prejudice and with leave to file a second amended complaint within **twenty days**.  If Grega fails to file a second amended complaint within this time, the Court may enter an order dismissing his claims against Vroman and Albaugh with prejudice.

Grega is advised that any second amended complaint must be complete in all respects. *See Palakovic v. Wetzel*, 854 F.3d 209, 220 (3d Cir. 2017) ("an amended pleading . . . supersedes the earlier pleading and renders the original pleading a nullity").  Any second amended complaint must again identify each party and allege the facts upon which Grega bases his claims "in short, concise, and plain statements." Fed R. Civ. P. 8.  Any second amended complaint should state the conduct of each Defendant upon which Grega bases his claims against him or her.  The allegations should specify what each Defendant did or failed to do, when the conduct occurred, and how the conduct injured Grega or his interests.  Further instructions regarding the drafting of a second amendment complaint are attached to this Memorandum Opinion.

## VI.    Grega's Motion to Add Party as Plaintiff

Grega has moved to add his wife as a plaintiff to this action.  ECF No. 31.  As previously discussed, Grega may not represent his wife in this action.  If Grega's wife wishes to join in this action as a plaintiff, she must either do so *pro se* on her own behalf or through an attorney authorized to practice law before this Court.[13]  Accordingly, Grega's motion is DENIED without prejudice.

---

[13] Federal Rule of Civil Procedure 20 allows individuals to "join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will

## VII.    Conclusion

For the foregoing reasons, Defendants Vroman and Albaugh's motion to dismiss (ECF No. 22) and Bickel's motion to dismiss (ECF No. 33) are GRANTED, and Grega's motion to add his wife as a plaintiff (ECF No. 31) is DENIED without prejudice.


DATED this 22nd day of May, 2023.


BY THE COURT:


RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE

---

arise in the action."  Fed. R. Civ. P. 20(a)(1).  If the Court determines that plaintiffs are improperly joined, it may sever the added plaintiff and require each to file a new complaint based only on their individual allegations.

## Instructions for Filing an Amended Complaint

An amended complaint takes the place of the complaint (and prior amended complaints), and therefore must be complete in all respects.  A complete pleading has a proper caption and heading, identifies all parties to the action, addresses jurisdiction and venue, sets forth the material facts, asserts all legal claims, is signed and dated, and, if Plaintiff so chooses, is verified. Plaintiff must also attach to the amended complaint any exhibit he or she wishes the Court to consider in connection with the allegations of the amended complaint, including any exhibit(s) attached to a previous complaint.  Specific instructions follow.

### STEP 1: Caption and Heading

1. **Court name:** type (or write) the name of the Court at the top center of the first page.
2. **Party Names:** below the name of the court and district, write the names of the Plaintiff(s) and Defendant(s) on the left side of the paper.
3. **Case number:** write the case number to the right of the party names.
4. **Title of the complaint:** write the title of the complaint under the case number.
5. **Jury Trial:** if you want a jury trial, write "Demand for Jury Trial" below the title.

### STEP 2: Format the Amended Complaint

**Numbered Pages:** number each page of the amended complaint.

**Numbered Paragraphs:** number each paragraph of the amended complaint.

**Sections:** the amended complaint should include the following numbered sections –

I.     **Jurisdiction**: *why does the Federal Court have  jurisdiction over this civil suit?*

II.     **Venue**: *why are you suing in the Western District of PA?*

III.     **Parties**: *who are the plaintiffs and defendants?*

IV.     **Statement of Facts**: *what are the relevant facts of the case?*

V.     **Injuries:** *what injury(ies) did you suffer?*

VI.     **Legal Claims**: *what legal claims are you asserting, against whom, and why?*

VII.     **Request for Relief**: *what relief are you seeking?*

        ***Optional Sections:***

VIII. **Exhibits**: you may attach documents to the amended complaint that are *relevant* to the facts alleged.  At the top or bottom of each exhibit, label it sequentially as: "Exhibit A," "Exhibit B," Exhibit C," etc.  You must *re-attach* to the amended complaint any exhibit attached to a prior version of your complaint that you wish the Court to include on the record.

IX. **Verification**: declare under penalty of perjury that the facts alleged are true and correct to the best of your knowledge.

## STEP 3: Draft the Sections of the Complaint

### I.  **Jurisdiction:**

You must inform the Court why the case should be heard in federal court rather than state court or some other forum.  If the action is generally one for a violation of civil rights, 42 U.S.C. § 1983, the Court will normally have jurisdiction pursuant to 28 U.S.C. § 1331 and § 1343.  If you are also bringing state law claims, the Court can exercise supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1367.

### II.  **Venue:**

28 U.S.C. § 1391 stipulates that venue is proper in the Western District of Pennsylvania if (1) all defendants reside in Pennsylvania and at least one of the defendants resides in the Western District or (2) if "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated" in the Western District.

### III.  **Parties:**

For each *plaintiff* – state their name, where they currently reside, and where they resided at all times relevant to the facts alleged in the amended complaint (even if the same).

For each *defendant* – state their name, job or title, and, if known, their employer and job responsibilities.  If you are asserting a cause of action under § 1983, you must also state whether the defendant is being sued in his or her individual and/or official capacity.  Further, for your action to be heard in federal court under Section 1983, you must allege that the defendant(s) was acting under the authority or color of state law at the time of the claims alleged in the amended complaint (i.e., he was, or appeared to be, at work).

## IV.  Statement of Facts:

The statement of facts set forth the relevant details of your case.  You should be aware that, in civil rights cases, more than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983.  You should include references to relevant dates, times, and locations.  You should explain to the Court what happened by specifically describing each defendant's behavior or action and how that behavior or action – or lack of action – resulted in the alleged violation.  It is generally best to relate the relevant facts in chronological order.  You may not allege new or additional facts nor assert new legal claims in brief in opposition to a motion to dismiss the amended complaint.  Thus, be sure to include in your amended complaint all facts you believe to be relevant and all legal claims you intend to assert.  You *should not* include legal argument and citations to case law in your amended complaint.

## V.  Injury

You must state as specifically as possible the actual injury suffered from the action of the defendants that resulted in the alleged civil rights violation.  Simply stating that your civil rights have been violated is insufficient.

## VI.  Legal Claims (or "Causes of Action"):

You should state what rights under the Constitution, laws, or treaties of the United States you allege the defendant or defendants have violated.  If you are asserting more than one legal claim, the "Claims" section should be divided into "Counts" (*i.e.*, "Count I," "Count II," etc.).  Below the count number, state the cause of action and which Defendant(s) the cause of action is asserted against (*i.e.*, COUNT II: 8th Amendment conditions of confinement claim against [Defendant's Name] and [Defendant's Name]).  Then, continuing with the numbered paragraphs, describe how each Defendant's conduct violated the federal or state right at issue. Your amended complaint must reassert any legal claim from your prior complaint that you intent to continue to pursue in your lawsuit.

## VII.  Request for Relief:

You must describe for the Court the relief you are seeking as a result of this lawsuit ( an injunction, compensatory damages, etc.).  The relief requested must be specifically related to the injury suffered.  Here, you may also re-state your demand for a jury trial.

**STEP 4: Sign and Date**

Federal Rule of Civil Procedure 11 requires you to sign "[e]very pleading, written motion, and other paper . . . by a party personally if the party is unrepresented" to certify that the (1) pleading "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation"; (2) the legal clams asserted "are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law"; (3) "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery"; and (4) the pleading otherwise complies with the requirements of Rule 11.  Fed. R. Civ. P. 11(b).  To properly certify that the complaint complies with Rule 11, you must date the complaint, sign it, and write your name and address below your signature.

**STEP 5: Verify the Amended Complaint**

A verified complaint is a declaration under oath that the contents of the document are true and correct under penalty of perjury, pursuant to 28 U.S.C. § 1746.  Verifying the amended complaint allows it to be treated as a sworn declaration if the action survives the pleadings stage (*i.e.*, it may be used as an affidavit in response to a later motion for summary judgment).  However, it also subjects you to the penalties of perjury if you know that the allegations of the amended complaint are false or otherwise lack a reasonable basis in fact.  Verification is *optional*.

To verify the amended complaint, title a separate piece of paper "Verification" (or write this header and the following below your signature if there is room), and write: "I, [your name], verify under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed on [date]."  *See*  28 U.S. Code § 1746(2).  Then sign your name.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA
### ERIE DIVISION

| | | |
|---|---|---|
| [Plaintiff(s) Name(s)], | ) | **CASE NO:** _____ |
| Plaintiff | ) | |
| vs. | ) | **AMENDED COMPLAINT** |
| | ) | |
| [Defendant(s) Name(s)] | ) | **DEMAND FOR JURY TRIAL** |
| Defendants | ) | |

AMENDED COMPLAINT

I.   **Jurisdiction**: *why does the Federal Court have jurisdiction over this civil suit?*
  1.  . . .
II.  **Venue**: *why are you suing in the Western District of PA?*
  2.  . . .
III. **Parties**: *who are the plaintiffs and defendants?*
  3.  . . .
  4.  . . .
IV.  **Statement of Facts**: *what are the relevant facts of the case?*
  5.  . . .
  6.  . . .
  7.  . . .
  8.  . . .
  9.  . . .
V.   **Injuries**: *what injury(ies) did you suffer?*
  10. . . .
  11. . . .
VI.  **Legal Claims**: *what legal claims are you asserting, against whom, and why?*
  **Count I: [Legal Claim] against [Defendant(s)]**
  12. . . .
  13. . . .
  14. . . .
  **Count II: [Legal Claim] against [Defendant(s)]**
  15. . . .
  16. . . .
  17. . . .
VII. **Request for Relief**: *what relief are you seeking?*
  18. . . .
  19. . . .

Date: _____          Signature: _____
                               Name
                               Address

### Verification

I, [your name], verify under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed on [date].          Signature: _____