IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

|  |  |
|---|---|
| NATHANIEL GREGA,<br><br>Plaintiff<br><br>vs.<br><br>DAVID VROMAN, et al,<br><br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

1:22-CV-00145-RAL

RICHARD A. LANZILLO
Chief United States Magistrate Judge

MEMORANDUM OPINION ON
DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED
COMPLAINT

ECF NO. 50

## MEMORANDUM OPINION

### I.      Introduction and Relevant Procedural History

Plaintiff Nathaniel Grega brings this *pro se* civil rights action against the Commonwealth of Pennsylvania, the State Correctional Institution at Cambridge Springs, the Pennsylvania Probation Parole Department Erie, PA, the Millcreek Police Department, and various officials or service providers at these governmental entities. [1]  ECF No. 49.  The Second Amended

---

[1]  Grega also names "I.CO.T.S. and INTERSTATE COMPACT" as defendants.  ICOTS is an acronym for the Interstate Compact Offender Tracking System.  According to DOC policy 12.4.05.02 regarding Supervision, Reentry: Interstate Services Introduction-Use of COTS, Records, Security, I.CO.T.S. is "a web based application designed by [the Interstate Compact for Adult Offender Supervision (ICAOS)] for use by participating member organizations in order to track the process, whereabouts, and compliance of offenders transferring to or being supervised by other states."  In Pennsylvania, ICAOS is codified at 61 Pa. C.S. §§ 7101-7123.  The purpose of the Interstate Compact "is to provide for the mutual development and execution of [various] programs of cooperation for the confinement, treatment and rehabilitation of offenders with the most economical use of human and material resources."  61 Pa. C.S. § 7102.  Grega has not alleged any facts to support that the Interstate Compact Offender Tracking System or any "Interstate Compact" is an entity amenable to suit or that either has been served in this action.  To the extent the SAC purports to assert claims against either, those claims will be dismissed with prejudice.

Complaint ("SAC") is the operative proceeding.[2]  The SAC appears to relate to Grega's 2015 arrest and interstate transfer from Ohio to Pennsylvania.  It generally alleges general violations of his rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.[3]  *See id.*, ECF No. 54.  Grega seeks monetary damages and various forms of injunctive relief.  He has sued all Defendants in their individual and official capacities.  *See id*.

Defendants have filed a motion to dismiss the SAC and a brief in support of their motion. ECF Nos. 50, 51.  Grega has responded with a brief in opposition to the motion.  ECF No. 54. The matter is ripe for disposition.[4]

## II.    Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint.  *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).  In deciding a Rule 12(b)(6) motion to dismiss, the court must accept as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff.  *See U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002).  In making its determination under Rule 12(b)(6), the court is not opining on whether the plaintiff is likely to prevail on the

---

[2] Grega filed an Amended Complaint as a matter of right pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 19) in response to Defendants Albaugh and Vroman's motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 13).  The Amended Complaint named as Defendants Albaugh, Vroman, Bickel, and Officer in Charge at the Millcreek Police Department and alleged a variety of constitutional and state law claims against them.  *See* ECF No. 19.  Vroman and Albaugh responded to the Amended Complaint with another Rule 12(b)(6) motion to dismiss (ECF No. 22), as did Bickel (ECF No. 33).  The Court granted both motions and consequently dismissed Grega's Fifth Amendment due process claim and the claims against Bickel with prejudice and all other claims without prejudice.  ECF Nos. 42 (Memorandum Opinion); 43 (Order).  The Court also granted Grega leave to file a second amended complaint.  *See id*.  Thereafter, Grega timely submitted the instant SAC.

[3] Grega also asserts claims of "failure to perform job duties 2015-2023," "breach of obligation of the Defendant towards the Plaintiff," and a violation of the "F.C.C. of Communication."  ECF No. 49.  However, the Court knows of no federal or state cause of action implicated by these claims.

[4] This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343.  The parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this action as authorized by 28 U.S.C. § 636.  ECF Nos. 17, 18, 40, 56.

merits; rather, the plaintiff must only present factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)).  *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

While detailed factual allegations are not required to survive a motion to dismiss, a complaint must provide more than labels and conclusions.  *See Twombly*, 550 U.S. at 555.  A "formulaic recitation of the elements of a cause of action will not do."  *Id*. (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  Moreover, a court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as explained in the complaint.  *See California Pub. Employee Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004) (citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).  Nor must the court accept legal conclusions disguised as factual allegations.  *See Twombly*, 550 U.S. at 555; *McTernan v. City of York, Pennsylvania*, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").  Put another way, in assessing a motion to dismiss, while the Court must view the factual allegations contained in the pleading at issue as true, it is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007).

Finally, because Grega is proceeding *pro se*, the complaint must be held to "less stringent standards than formal pleadings drafted by lawyers."  *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972.  If the court can reasonably read his *pro se* SAC to state a valid claim upon which relief could be granted, it must do so despite his failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or unfamiliarity with pleading

requirements.  *See Boag v. MacDougall*, 454 U.S. 364 (1982); *United States ex rel. Montgomery v. Bierley*, 141 F.2d 552, 555 (3d Cir. 1969).

### III.    Factual Allegations

While the Court's standard of review requires that it accept the factual allegations of the SAC as true, deciphering the largely nonsensical allegations of the SAC presents a challenge. The SAC appears to allege that the Commonwealth of Pennsylvania filed charges against him to facilitate his 2015 interstate transfer from Ohio to Pennsylvania for the sole purpose of separating him and his wife.  Grega asserts that the State Parole Board and "SCI Cambridge Springs et al. violate[d] F.C.C. of Communication."  ECF No. 49, ¶ 3.  He states that he "has not been convicted of any charges from abuse from state officials."  *Id.*  He alleges that "the Defendants intentionally incarcerated [him] or [his] wife with no justifiable cause of action" or warrant.  *Id.*, ¶ 5.  He adds that no parole office has told him why they need his social security number.  He appears to aver that the adjudication of numerous Ohio criminal appeals constituted violations of his Fifth and Fourteenth Amendment due process rights.  And he generally asserts that State Parole Officers "do not follow their rules of conduct," which resulted in the destruction of his life and liberty from 2015 to 2018.

Grega's brief in opposition to Defendants' motion to dismiss does nothing to clarify the ramblings of his SAC.  In this brief, Grega states that "[e]ach agency state & government has violated Plaintiff's U.S. Constitutional Rights under the 4th, 5th, 6th, 8th & 14th Amendment[s]" "each and every day" since he returned to his home in Erie, PA in April 2015.  ECF No. 54.  He asserts that

> . . . Defendants are not allowed to intimidate Plaintiff or Plaintiff's wife Nicole Grega as a witness, or violate their privacy by asking for social security numbers without a reason whatsoever, or abuse their constitutional rights every day since November 2015, to

> present day. No warrant for arrest when asked constitutes a clean
> slate for both Plaintiff and Plaintiff's wife Nicole Grega
> (Kidd).Plaintiff attempted to file federal charges between Feb.–
> April 2022 on the F.B.I. website against Defendants pursuant to 28
> Title 242 "Acting Under The Color Of Law" from when the
> Plaintiff's wife coded blue on the way to the E.R. at St. Vincent
> Hospital in Erie, PA on Jan. 26th, 2022, from no warrant for arrest
> the 2nd time when asked.

*Id.* (cleaned up).

## IV.    Analysis

Defendants argue that the SAC must be dismissed because it "fails to articulate any legal claims" against them.  ECF No. 51, p. 3.  Some of the Defendants also argue that they are immune from Grega's claims under the Eleventh Amendment.  The Court agrees on both points.

The SAC alleges no facts upon which the Court can identify a claim under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the Constitution or any other federal or state law.  Grega does not link any individual Defendant to, or elaborate upon, the circumstances of his arrest, interstate transfer, or parole.  The SAC does not specify when and why he was arrested and incarcerated or the "rules of conduct" the parole officers allegedly violated.  Any parole office's requirement that an individual provide them with their social security number does not amount to a violation of state or constitutional law.  Additionally, the Court already dismissed with prejudice any claim Grega purportedly asserted based on his wife's interactions with government officials, since "litigants 'cannot rest a claim to relief on the legal rights or interests of third parties,'" *Grega v. Vroman*, 2023 WL 3585758, at *5 (W.D. Pa. May 22, 2023) (citing *Itiowe v. Trentonian*, 620 Fed. Appx. 65, 68 (3d Cir. 2015) (quoting *Powers v. Ohio*, 499 U.S. 400 (1991))), as well as his Fifth Amendment due process claim, *see id.*

Lastly, Defendants correctly argue that Grega's §1983 claims for monetary relief against the Commonwealth, SCI Cambridge Springs, and the Pennsylvania Probation Parole Department

of Erie, PA, are barred by Eleventh Amendment immunity.  *See* ECF No. 51, pp. 5-6 (citations

omitted); *Scheer v. Fish*, 2022 WL 4094414, *3 (W.D. Pa. 2022) (Pennsylvania Board of

Probation and Parole); *Laskaris v. Thornburgh*, 661 F.2d 23 (3d Cir. 1981) (Pennsylvania); *Mt.*

*Healthy City Bd. of Ed. v. Doyle*, 429 U.S. 274 (1977) (state agencies).  *See also* 1 Pa.C.S.A. §

2310 (The Commonwealth and its agencies are also immune from state law claims unless one of

nine limited circumstances apply).  Accordingly, the SAC fails to state a claim against any

Defendant under federal or state law.

## V.    Leave to Amend

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure

to state a claim, the Court should permit a curative amendment unless an amendment would be

inequitable or futile.  *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).  The

Court may deny leave to amend where there is "undue delay, bad faith[,] or dilatory motive on

the part of the movant, repeated failure to cure deficiencies by amendments previously allowed,

undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of

the amendment."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  And though "the grant or denial of

an opportunity to amend is within the discretion of the District Court," it may not "outright

refus[e] to grant the leave without any justifying reason appearing for the denial."  *Id.*  These

instructions are equally applicable to *pro se* litigants and those represented by counsel.  *Alston v.*

*Parker*, 363 F.3d 229, 235 (3d Cir. 2004).  In this case, the Court has given Grega multiple

opportunities to amend his pleading to cure the deficiencies of his claims, all to no avail.  His

continued nonsensical ramblings demonstrate that further amendment would be futile.

Accordingly, the Court dismisses the claims of the SAC and this action with prejudice.

**VI.     Conclusion**

For the foregoing reasons, the Defendants' motion to dismiss the SAC (ECF No. 50) is

GRANTED and Grega's SAC is dismissed with prejudice.  A separate order will follow.


DATED this 3rd day of May, 2024.

BY THE COURT:

RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE